1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

:DAVID-WYNN: MILLER,
PLENIPOTENTIARY-JUDGE,
POSTMASTER, FEDERAL-JUDGE:
Witness of the Vassalees-Syntax-
Communication-Fraud; :FREDDIE:
REYNO and JUNE: REYNO (Witnesses),

              Claimants/Plaintiffs,

    vs.

MICHAEL BURNETT & MATTHEWS,
LLP; SAN DIEGO SHERIFF
DEPARTMENT,

              Vassalees/Defendants.

CASE NO.11cv2590 WQH (WVG)

ORDER

HAYES, Judge:

      The matters before the Court are the Motion to Dismiss or for More Definite Statement (ECF No. 5) and the Motion for Order Declaring Plaintiffs Vexatious Litigants (ECF No. 6) filed by Defendant Burnett LLP, formerly known as Burnett & Matthews, LLP, erroneously sued as Michael Burnett & Matthews, LLP.

## BACKGROUND

      On November 7, 2011, Plaintiffs David-Wynn Miller, identified as "Plenipoteniary-Judge, Postmaster, Federal-Judge: Witness of the Vassalees-Syntax-Communication-Fraud," Freddie Reyno, and June Reyno initiated this action by filing the Complaint. (ECF No. 1).

The Complaint is captioned as follows:

> For This <u>Correct-Sentence-Structure-Communication-Parse-Syntex-Grammar</u> of the Claimant is With This **Writ of This Amicus-Curiea** With **Quo-Warranto-Complaint-Document** Against the <u>Vassalees'-Fraudulent-Parse-Syntax-Grammar-Communication-Document Against These Damaged-Persons: Freddie: Reyno and June: Reyno, With the Vassalees'-Parse-Syntax-Grammar-Communication-Document-Case-Number~37-2008-00083493</u> in the *San-Diego-County-Superior Court-San-Diego-Hall of Justice.* For the <u>Claimant's-Knowledge</u> of the <u>Fraud-Document-Evidence-Communications</u> **are** With the <u>False and Misleading-Parse-Syntax-Grammar-Documents by These Vassalees.</u>

(ECF No. 1 at 1 (emphasis in original)). The Complaint begins as follows: "**For the Word-Terms of This C.-S.-S.-C.-P.-S.-G.-Now-Time-Vessel-Court-Document: :Vassalee-(Word-Meaning) Vassal=**Servant of This Document, **EE=**Ployee." *Id.* (emphasis in original). The Complaint appears to list indecipherable causes of action under the heading, "**For the Causes of this Quo-Warranto-Complaint**." *Id.* at 3 (emphasis in original). Plaintiffs have attached a wage garnishment form from a case in the San Diego County Superior Court with handwritten numbers above each word, appearing to create a code. *Id.* at 11-13. The wage garnishment form contains a chart on each page titled, ":Syntax-word-key-meaning:" which states: "1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 8=Past-time, 9=Future-time, 0=Conjunction, NC=No-Contract." Each exhibit is marked with the numbers from the ":Syntax-word-key-meaning" chart.

On December 21, 2011, Defendant Burnett filed a Motion to Dismiss (ECF No. 5) and a Motion for Order Declaring Plaintiffs Vexatious Litigants (ECF No. 6). The record does not reflect that Plaintiffs have filed any discernable response to either motion.

## DISCUSSION

### I.    Motion to Dismiss (ECF No. 5)

Defendant Burnett seeks dismissal on the grounds that the Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In the alternative, Defendant Burnett seeks a more definite statement under Federal Rule of Civil Procedure 12(e). Defendant contends that the Complaint is indecipherable and that "it is

1  impossible for Movant to ascertain from the Complaint any basis for federal jurisdiction, let

2  alone what conduct it is alleged to have engaged in or what claims are being asserted against

3  it."  (ECF No. 5 at 2).

4        Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

5  upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure

6  8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain

7  statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

8  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal

9  theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police*

10 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To sufficiently state a claim to relief and survive a

11 Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the

12 "[f]actual allegations must be enough to raise a right to relief above the speculative level."

13 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] plaintiff's obligation to provide

14 the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

15 formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ.

16 P. 8(a)(2)).

17       The Complaint filed by Plaintiffs is incomprehensible and unintelligible.  The Court

18 finds that Plaintiffs fail to assert "a short and plain statement of the claim showing that the

19 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal is appropriate because the

20 indecipherable allegations of the Complaint lack any cognizable legal theory or sufficient facts

21 to support a cognizable legal theory. *See Balistreri*, 901 F.2d at 699.  Accordingly, the motion

22 to dismiss is granted.  The Complaint is dismissed as to all defendants based on the Court's

23 finding that Plaintiffs fail to allege any claim showing entitlement to relief.

24 **II.    Motion for Order Declaring Plaintiffs Vexatious Litigants (ECF No. 6)**

25       Defendant Burnett contends that Plaintiffs Freddie Reyno and June Reyno, with the

26 assistance of Plaintiff Miller, have "repeatedly and obsessively litigated and relitigated" the

27 ownership of their former home.  (ECF No. 6 at 2).  Defendant Burnett contends that the

28 Reynos have instituted at least six proceedings in both federal and state court relating to the

ownership of their former home.  Defendant Burnett contends that the Reynos have been declared vexatious litigants in state court and will continue filing similar indecipherable proceedings in federal court, as they have done in state court.

Under 28 U.S.C. section 1651(a), federal courts have the power to declare a party a "vexatious litigant" and order the party to obtain leave of court before filing any future lawsuit. *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007).  The Court considers four factors in determining whether a pre-filing order is appropriate: (1) whether the litigant is given notice and a reasonable opportunity to be heard before the order is entered; (2) whether the court created an "adequate record for review"; (3) whether the court made "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and (4) whether the order is "narrowly tailored to closely fit the specific vice encountered." *Molski,* 500 F.3d at 1057 (citing *De Long v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir. 1990)).  The court may also consider: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.  *Molski,* 500 F.3d at 1058.

Although federal courts have the power to "regulate the activities of abusive litigants" by ordering pre-filing restrictions, such orders should rarely be filed.  *De Long,* 912 F.2d at 1147.  Beyond the advantages of issuing injunctions against relitigation based on the principles of collateral estoppel and res judicata, the use of these restrictions orders, if used too freely, may "block free access to the courts" and eliminate the "final safeguard for vitally important constitutional rights."  *Wood v. Santa Barbara Chamber of Commerce,* 705 F.2d 1515, 1524-25 (1983).  In enjoining the plaintiff in *Wood* from relitigating issues, the court emphasized the narrowness of its decision by looking at the scope and nature of the plaintiff's litigiousness. *Id.* at 1525.  In *Wood*, the plaintiff produced an abundance of litigation, pulling in over 250 defendants and over thirty district courts.  *Id.*  Another *pro se* litigant, whose injunction against

relitigation was upheld, filed fifty-one cases in federal court over a thirteen year period. *In re Oliver,* 682 F.2d 443, 444 (1982). Similarly, this District Court upheld an order declaring a plaintiff a vexatious litigant after he filed nine frivolous complaints, some of which were duplicative of previous complaints. *See Robinson v. Hubbard*, 07-CV-1560 W CAB, 2007 WL 2815040, at *4 (S.D. Cal. Sept. 25, 2007).

Plaintiffs Miller, Reyno, and Reyno have filed one complaint in federal court prior to the instant action. (*See* 10cv1899 WQH (AJB), ECF No. 1). Plaintiffs' prior action was dismissed as "incomprehensible" and for failure to state a claim or cognizable theory. (10cv1899 WQH (AJB); ECF No. 102). The two complaints filed by Plaintiffs Miller, Renyo, and Renyo do not rise to the level of abundant filings as in *Wood* or *Oliver*, nor is the Court able to make "substantive findings as to the frivolous or harassing nature of the litigant's actions" in federal court. *De Long,* 912 F.2d at 1146. Accordingly, the motion for order declaring plaintiffs vexatious litigants is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Burnett LLP, formerly known as Burnett & Matthews, LLP, erroneously sued as Michael Burnett & Matthews, LLP (ECF No. 5) is GRANTED. The Complaint (ECF No. 1) is dismissed. The Motion for Order Declaring Plaintiffs Vexatious Litigants filed by Defendant Burnett LLP, formerly known as Burnett & Matthews, LLP, erroneously sued as Michael Burnett & Matthews, LLP (ECF No. 6) is DENIED.

DATED: March 15, 2012

William Q. Hayes
**WILLIAM Q. HAYES**
United States District Judge